UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| AMANDA MARTIN, | Case No. 3:20-cv-00563-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MARKCO A. VELAZQUEZ, | |
| Defendant. | |

**I.   SUMMARY**

Plaintiff Amanda Martin sued her former landlord, Markco A. Velazquez, alleging violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA") and Nevada state law arising out of Martin's contentions that Velazquez charged her unlawful pet rent for her child's support dog Kisses, constructively evicted her by failing to properly maintain the rental property located at 2075 Greenbrae Drive in Sparks, Nevada (the "Property"), and improperly declined to return her security deposit when she and her family moved out of the Property. (ECF No. 12.) The Clerk of Court entered a default against Velazquez in December 2021 (ECF No. 34), but Velazquez nonetheless went on to file three answers without first moving to set aside the default or otherwise obtain leave of Court (ECF Nos. 35, 44, 54), which are now the subject of several motions filed by Martin (ECF Nos. 36, 38, 45, 46, 55, 58). Velazquez has not responded to any of Martin's motions. In addition, Martin filed a motion for partial summary judgment based primarily on Velazquez's non-response and failure to participate in discovery. (ECF No. 51.) Velazquez did not respond to that motion, either—despite being warned of its potentially case-dispositive impact. (ECF No. 52.) As further explained below, primarily because Velazquez never moved to set aside the Clerk's default entered against him or otherwise obtained leave of Court before filing multiple answers, the Court will strike Velazquez's answers, deny Martin's

corresponding motions as moot, deny Martin's motion for summary judgment without prejudice, and give Velazquez a final opportunity move to set aside the Clerk's default before Martin may move for default judgment.

## II. BACKGROUND

Martin filed the initial version of the complaint in this case in September 2020. (ECF No. 1-2.) After the government declined to intervene (ECF No. 7), the Court directed that the initial complaint be unsealed (ECF No. 8), and United States Magistrate Judge Carla L. Baldwin granted Martin's application for leave to proceed *in forma pauperis* (ECF No. 9). Shortly thereafter, Martin filed the operative First Amended Complaint (ECF No. 12 ("FAC")) naming only herself as Plaintiff, and only Velazquez as Defendant. Velazquez was served with the FAC on July 12, 2021. (ECF No. 15.)

Velazquez then filed a motion and sent several letters to the Court essentially requesting more time to find a lawyer and then respond to the FAC after he decided he would instead like to represent himself. (ECF Nos. 17, 20, 21, 23, 26, 31.) Judge Baldwin ultimately granted Velazquez three extensions of time to respond to the FAC, setting a final deadline of December 9, 2021. (ECF No. 32.)

But Velazquez did not timely file an answer or otherwise respond to the FAC, so Martin moved the Clerk of Court to enter a default against him. (ECF No. 33.) The Clerk of Court entered default against Velazquez on December 27, 2021. (ECF No. 34.)

That default remains in place to this day. Instead of moving to have it set aside or otherwise obtaining leave of Court, Velazquez filed an answer on January 4, 2022. (ECF No. 35.) Martin moved to dismiss the counterclaims implicitly included in Velazquez's answer and moved to strike certain allegations contained therein as scandalous and impertinent. (ECF Nos. 36, 38.) Instead of responding to those motions, Velazquez filed another answer over a month after they were filed. (ECF No. 44.)

Martin again moved to strike Velazquez's new answer and dismiss the counterclaims he appeared to be trying to assert therein (ECF No. 45, 46), but this time

raised the argument that the default entered against Velazquez cut off his right to respond (ECF Nos. 45 at 4, 46 at 3). Velazquez did not respond to these motions either.

The Court then issued a minute order stating that Velazquez's answers did not state claims against the United States or Andrew Mandell and directed the Clerk of Court to accordingly strike portions of them, though the Court also noted it would ultimately address Velazquez's answers and Martin's corresponding motions in a subsequent order. (ECF No. 48.)

Martin next filed a motion for partial summary judgment on her FCA claim and claim for violation of NRS § 118A.242 based on Velazquez's failure to return her security deposit. (ECF No. 51.) Velazquez filed yet another answer that same day. (ECF No. 54.) But he never responded to Martin's motion for summary judgment. And Martin filed two more motions to dismiss allegations contained within Velazquez's most recently-filed answer. (ECF Nos. 55, 58.) Velazquez never responded to those motions, either.

**III.   DISCUSSION**

The procedural history described above leaves the Court with a messy docket to clean up, which the Court will attempt to do here. *See, e.g.*, *S. California Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir.), *modified*, 307 F.3d 943 (9th Cir. 2002), *and certified question answered sub nom. S. California Edison Co. v. Peevey*, 31 Cal. 4th 781, 74 P.3d 795 (2003) ("District courts have 'inherent power' to control their dockets.").

To start, all three of Velazquez's answers are improper fugitive documents because he remains in default and never moved to set aside that default before filing them. *See supra* Section II; *see also In re Lam*, 192 F.3d 1309, 1311 (9th Cir. 1999) ("The proper method by which a party may apply to have a default set aside is to file a formal motion with the court pursuant to Federal Rule of Civil Procedure 55(c)[.]"); *Fresh & Best Produce, Inc. v. Oaktown Ventures, LLC*, Case No. 16-CV-06991-BLF, 2017 WL 2533663, at *1 (N.D. Cal. June 12, 2017) ("Defendants are not entitled to present argument unless and until they obtain relief from the Clerk's entry of default.") (citation omitted). Moreover, it would be particularly inappropriate to ignore the effect of

3

Velazquez's default on the purported answers he subsequently filed because he defaulted after receiving three extensions of time to file a response to the FAC—which also indicates he has been following the proceedings in this case.

The Court will accordingly direct the Clerk of Court to strike all three of Velazquez's answers in their entirety. (ECF Nos. 35, 44, 54.)

And because the Court will strike all three of Velazquez's answers in their entirety, the Court will also deny as moot Martin's various motions seeking to dismiss or strike various allegations contained within those answers. (ECF Nos. 36, 38, 45, 46, 55, 58.)

But because of the public policy generally favoring the disposition of cases on their merits, *see Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986), Velazquez is proceeding *pro se*, and his filings appear to indicate a lack of comprehension of litigation procedure in federal court though some willingness to participate in this case, the Court will give him one final opportunity to file a proper motion for leave to set aside the default before it will entertain a motion for entry of default judgment from Martin and against Velazquez.

Velazquez must file a motion to set aside the default under Federal Rule of Civil Procedure 55(c) by July 28, 2022. *See Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co., LLC*, 346 F.3d 1193, 1195 (9th Cir. 2003) ("Federal Rules of Civil Procedure 55(c) and 60(b) set forth procedures for a party to move the district court to, respectively, set aside the entry of a default or for relief from judgment."). If he does not, the Court will entertain a motion for default judgment from Martin beginning on July 29, 2022. In Velazquez's motion to set aside the default, he must provide, supported by an affidavit sworn under penalty of perjury:

1. An appropriate excuse or explanation for his default;
2. Argument tending to show the existence of a meritorious defense or defenses to Martin's allegations in her FAC;
3. Argument tending to show Martin has not been prejudiced by Velazquez's default; and

4. A persuasive explanation as to why the Court should excuse Velazquez's substantial delays in this case.

*See* Wright & Miller, *§ 2692 Relief From a Default—In General*, 10A Fed. Prac. & Proc. Civ. § 2692 (4th ed.) (Updated April 2022).

If Velazquez timely files a motion to set aside the default, Martin may file a response to that motion within 14 days per LR 7-2(b). "The deadline [for Velazquez] to file and serve any reply in support of the motion is seven days after service of the response." *Id.*

But as noted, if Velazquez does not file a motion to set aside the default by July 28, 2022, the Court will entertain a motion for default judgment from Martin beginning on July 29, 2022. Velazquez may of course file a response to any motion for default judgment filed by Martin in line with LR 7-2 as well.

And as the Court is exercising its inherent power to manage its docket by requiring this case proceed as specified above, the Court will also deny Martin's motion for summary judgment (ECF No. 51) without prejudice to refiling if necessary and appropriate later on in this case.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the parties—particularly Velazquez—must follow the procedure, requirements, and deadlines specified above.

The Clerk of Court is directed to strike Velazquez's answers (ECF Nos. 35, 44, 54) in their entirety.

It is further ordered that Martin's motions regarding Velazquez's answers (ECF Nos. 36, 38, 45, 46, 55, 58) are denied as moot.

///

It is further ordered that Martin's motion for partial summary judgment (ECF No. 51) is denied as specified herein.

DATED THIS 28th Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE